UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                      DECISION AND ORDER

                                                      06-CR-6004L

                              v.

REINALDO SUAREZ,

                              Defendant.
_____

      The Government has moved (Dkt. #38) this Court to reconsider its Order of October 25, 2016 (Dkt. #37), directing the Federal Bureau of Prisons ("BOP") to transfer defendant Reinaldo Suarez to F.C.I. Otisville.  The Government's motion attachments are lengthy, but the motion fails to explain why the Government and BOP seek to prevent an inmate from resolving pending state court matters and detainers while he is incarcerated in federal custody.

      Defendant Suarez is incarcerated at FCI Hazelton, West Virginia, and his request and the Court's order was that he be moved to a federal facility (Otisville) in New York State, so that state court detainers can be resolved while he completes his federal sentence.  From the Government's present motion, it appears the Government, and BOP, are acting to make sure that defendant completes his federal sentence before dealing with pending state court matters.

This seems to violate the spirit of the Interstate Agreement on Detainers Act, "which facilitates the interstate transfer of a prisoner for the purpose of disposing of the prisoner's pending out-of-state criminal charges, which may preclude the prisoner from early release consideration or alternatives to confinement." *Barefoot v. Johnson*, No. 15-CV-914, 2015 WL 12791468, at *5 (M.D.Tenn. Dec. 23, 2015). *See also United States v. Knight*, 562 F.3d 1314, 1327 (11th Cir. 2009) ("The stated purpose of the Detainers Act is 'to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints'") (quoting 18 U.S.C. Appx. § 2, art. I).

I therefore direct the Government to respond within twenty (20) days of the date of this Order as to the merits of the Court's October 25 Order and to address why it is that the Government and the Bureau of Prisons have elected to take a position that, if adopted, would effectively penalize Suarez and thwart him from resolving pending state court detainers.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 8, 2017.